# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

BILLY ROSS MOUDY,      )
         )
       Petitioner,   )
         )
vs.         )     **Case No. CIV-15-270-FHS**
         )         **CR-96-19-FHS**
UNITED STATES OF AMERICA,   )
         )
       Respondent.  )

## OPINION AND ORDER

Now before the Court is petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Dkt. # 1). Petitioner Billy Ross Moudy argues his sentence should be vacated based on *Johnson v. United States*, 135 S.Ct. 2551 (2015), in which the Supreme Court held the residual clause of the Armed Career Criminal Act (ACCA) is unconstitutionally vague. Additionally, petitioner claims his counsel was ineffective for failing to raise the issue at the time of his sentencing or on appeal. Petitioner argues this Court should apply *Johnson* retroactively and reduce his sentence.

On February 22, 1996, a grand jury returned a four count indictment charging petitioner with the following offenses:

Count One: Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2);

Count Two: Burglary of a United States Post Office, in violation of 18 U.S.C. § 2115;

Count Three: Postal Robbery by Dangerous Weapon, in violation of 18 U.S.C.

§ 2114; and

Count Four: Use of a Firearm in Furtherance of a Violent Crime, in violation

of 18 U.S.C. § 924(c).

Following a jury trial, petitioner was convicted on all counts. A pre-sentence investigation was completed by the United States Probation Office which found Petitioner had previously been convicted of six prior felonies, including two federal convictions for Escape and one federal conviction for Attempted Escape; one state court conviction for Escape from County Jail; one state conviction for Burglary and one federal conviction for Post Office Burglary. On September 19, 1996, the Court adopted the PSR, finding all of the prior convictions, with the exception of the post office burglary, violent felonies. As a result, the Court found Petitioner was an Armed Career Criminal ("ACC") pursuant to 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4(a). The Court indicated the ACC enhancement subjected Petitioner to "a mandatory minimum term of imprisonment of not less than fifteen years." Tr. of Sentencing, at p. 24. The Court did not, however, impose the mandatory minimum on the § 922(g)(1) count. Rather, Petitioner was sentenced to 120 months on Count One (felon in possession), 60 months on Count Two (burglary of post office), and 300 months on Count Three (robbery by dangerous weapon), with the terms to run concurrently and 60 months on Count Four (use of a firearm in furtherance of a violent crime) to be served consecutively to Counts One through Three. *Id.*, at pp. 27-28. *See also*, Dkt. # 35, Judgment in a Criminal Case.

Petitioner filed a notice of appeal and, on January 6, 1998, the Tenth Circuit Court of Appeals affirmed the conviction and sentence, holding that all escapes are violent crimes regardless of whether violence was actually involved. *United States v. Moudy*, 132 F.3d 618 (10th Cir. 1998). On March 23, 1998, the United States Supreme Court denied *certiorari*. *Moudy v. United States*, 523 U.S. 1036 (1998).

Title 28 U.S.C. § 2255 provides, in relevant part, as follows:

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

> (1) the date on which the judgment of conviction becomes final;

* * * * * *

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; . . . . .

In this case, the Petitioner's sentence became final on March 23, 1998, when the United States Supreme Court denied *certiorari*. See*, Moudy v. United States*, 523 U.S. 1036 (1998). While Petitioner did not file a § 2255 motion to vacate within a year of the Supreme Court's denial of certiorari, he now seeks to vacate his sentence based on the recent Supreme Court decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015). If Petitioner were able to establish that the *Johnson* holding regarding the ACC residual clause had been made retroactively applicable to cases on collateral review, then his limitations period would commence on June 26, 2015, the date the Supreme Court decided *Johnson*.

While the Tenth Circuit Court of Appeals has held "that *Johnson* announced a new rule of constitutional law," *In re Gieswein*, 802 F.3d 1143 (10th Cir. 2015), the circuit court specifically held the Supreme Court had not made their holding retroactive. *Id.*, at 1147. Therefore, despite the Respondent's statement that "[t]he Department of Justice has adopted the position that *Johnson* is fully retroactive in all ACCA cases whether on direct appeal or on collateral review," Respondent has no authority to make a Supreme Court decision retroactive.

Accordingly, this Court hereby finds Petitioner's Motion to Vacate is barred by the statute of limitations. Therefore, the Petitioner's Motion is hereby dismissed. Additionally, pursuant to 28 U.S.C. § 2253(b)(2), this Court denies a certificate of appealability.

It is so ordered on this 4th day of January, 2016.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma